```
                    DISTRICT OF MINNESOTA
                 UNITED STATES DISTRICT COURT
                   Civil No. 05-419(DSD/SRN)
```

Operating Engineers Local
#49 Health and Welfare
Fund and Central Pension
Fund of the International
Union of Operating Engineers
and Participating Employers,
Local #49 International Union
of Operating Engineers and
Associate General Contractors
of Minnesota Apprenticeship
and Training Program and
their Trustees,

       Plaintiffs,

v.                                                       **ORDER**

TMS Construction, Inc.,

       Defendant.

This matter is before the court upon defendant's motions to set aside entry of default and for leave to file an answer to the complaint. Based upon a review of the file, record and proceedings herein, and for the reasons stated, the court grants defendant's motions.

**BACKGROUND**

Plaintiffs, International Union of Operating Engineers Local No. 49 Health and Welfare Fund and Central Pension Fund of the International Union of Operating Engineers and Participating Employers, brought this action on February 24, 2005, alleging that

defendant TMS Construction, Inc., violated the collective bargaining agreement entered into by the parties.  In particular, plaintiffs claim that defendant failed to submit fringe benefit contribution report forms or pay the contributions.  Defendant did not answer or otherwise respond.  On June 27, 2005, the court ordered plaintiffs to immediately notify defendant's counsel that they were required to make a notice of appearance.  Defendant did not file a notice of appearance.  On August 19, 2005, the court granted plaintiffs' motion for entry of default and ordered defendant to produce for inspection all business records necessary for plaintiffs to calculate and verify defendant's delinquent fund contributions.  On October 18, 2005, the court ordered defendant to show cause why it should not be held in civil contempt based upon its failure to comply with the terms of the court's August 19 order.  Defendant did not appear at the order to show cause hearing.  However, plaintiffs advised the court that a contempt order was not necessary at that time.

On August 8, 2006, plaintiffs filed an affidavit with the court requesting the court enter a money judgment in plaintiffs' favor in the amount of $24,060.71.  That same day, defendant made a notice of appearance in this action and objected to entry of a default judgment.  In its objection, defendant stated that the parties were engaged in settlement discussions and that a default judgment would be inappropriate.  Defendant now moves the court,

pursuant to Federal Rule of Civil Procedure 55(c), to set aside the entry of default. Defendant further moves the court for leave to file an answer to the complaint. Plaintiffs do not oppose either motion.

**DISCUSSION**

The court will grant relief from an entry of default upon a showing of good cause. See Fed. R. Civ. P. 55(c); Johnson v. Dayton Elec. Mfg. Co., 140 F.3d 781, 783 (8th Cir. 1998). The court considers "whether the conduct of the defaulting party was blameworthy or culpable, whether the defaulting party has a meritorious defense, and whether the other party would be prejudiced if the default were excused." Johnson, 140 F.3d at 784.

In support of its motion, defendant states that it was unaware that it was required to obtain legal counsel or file a notice of appearance because it was never served the court's June 27 order and did not know that the court subsequently entered its default. (Schmidt Decl. ¶¶ 8-9.) Defendant further claims it did not make an appearance in this action because plaintiffs commenced the action during its busy season and it lacked the time and resources to engage legal counsel. (Id. ¶¶ 7-8.) Counsel for defendant and plaintiffs have been in communication regarding the auditing of defendant's books since December 1, 2005, and defendant provided all necessary payroll information and documents to plaintiffs on

January 26, 2006.  (Douglas Decl. ¶¶ 4-5, Exs. A-D; Schmidt Decl. ¶¶ 12-13.)  Following completion of the audit, the parties have engaged in negotiations to reach a stipulated payment plan on the delinquent contributions.  However, defendant disagrees with some of plaintiffs' calculations.  (Schmidt ¶¶ 14-17.)

As a threshold matter, this action was filed over eighteen months ago and defendant's failure to appear or timely comply with the orders of the court has resulted in an extensive and unnecessary delay by any measure.  The court discerns between "contumacious or intentional delay" and "marginal failure to meet pleading or other deadlines" and rarely excuses the former.  See Johnson, 140 F.3d at 785 (a cavalier approach to litigation can constitute an "intentional flouting or disregard of the court and its procedures").  Defendant's lack of time and naivete about the need to obtain counsel and appear in this action do not, alone, suffice to establish good cause.  However, although defendant primarily contests the results of plaintiffs' audit, as opposed to its liability, it also challenges the alleged breach of the collective bargaining agreement, arguing it was not a signatory to any such agreement and that the agreement does not apply to the type of work particular employees performed.  (Schmidt Decl. ¶¶ 14-18; Douglas Decl. Ex. E.)  The court finds that defendant has made a showing of a meritorious defense. Moreover, and significantly, that plaintiffs do not oppose setting aside the entry of default

4

weighs heavily in favor of a finding that plaintiffs will not be unduly prejudiced by setting aside defendant's default.

For all the foregoing reasons, and upon a review of the documents filed by defendant in support of its motion, the court concludes that defendant has established good cause.  Therefore, the court grants defendant's motion to set aside the entry of its default and will further grant defendant's motion for leave to file an answer.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that:

1.  Defendant's motion to set aside entry of default [Docket No. 26] is granted; and

2.  Defendant's motion for leave to file an answer to the complaint [Docket No. 27] is granted.

Dated:  October 2, 2006

s/David S. Doty
David S. Doty, Judge
United States District Court
